**JAN SHING LIN, Lee Ching Chen, Petitioners,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–0899–ag.

United States Court of Appeals, Second Circuit.

July 7, 2009.

Theodore N. Cox, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioners Jan Shing Lin and Lee Ching Chen, natives and citizens of the People's Republic of China, seek review of a February 11, 2008 order of the BIA denying their motion to reopen. *In re Jan Shing Lin* and *Lee Ching Chen,* Nos. A070 115 803, A070 115 804 (B.I.A. Feb. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying petitioners' untimely motion to reopen.

Petitioners argue that the BIA erred in finding that they failed to demonstrate

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

changed country conditions or their *prima facie* eligibility for relief where the BIA summarily considered their evidence. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Petitioners waive any challenge to the BIA's finding that they were not eligible to file a successive asylum application based on their changed personal circumstances. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former